## Case No. 15,966.
### UNITED STATES v. ONE WATER CASK.
[10 Int. Rev. Rec. 93.]

District Court, D. Kentucky. Sept., 1869.

INTERNAL REVENUE LAWS—FORFEITURES—RECTIFIERS AND WHOLESALE DEALERS—BOOK ENTRIES.

1. Where a rectifier and wholesale liquor dealer, acting under section 26 of the revenue act of July 13, 1866 [14 Stat. 98], entered in the prescribed books certain spirits bought and received by him, and the names of the manufacturers or rectifiers thereof marked on the barrels, as the persons from whom purchased, instead of the names of the actual vendors—*held*, he had not complied with the requirements of the law in so doing, and had incurred the forfeiture denounced by said section, from which the court had no power to relieve.

2. The forfeiture denounced by said section applies only to the spirits, apparatus, and articles in the possession of the offender at the time of the act or neglect whereby forfeited, and not to such as he might thereafter acquire and be found in his possession.

BALLARD, District Judge. This is a proceeding for the condemnation of one water cask, thirty-four barrels of spirits and other articles, as forfeited to the United States. The information is founded on the 26th section of the internal revenue act of 1866 (14 Stat. 98), and contains three counts. The first count alleges in substance, that said water cask, spirits. &c., were, on the 5th of May, 1868, the day of the seizure, found in the possession of one W. L. Weller, who was then and there a rectifier, and as such purchased and received and sold and delivered a large quantity of spirits, and used said water cask and other apparatus, tools and implements, in rectifying spirits, but neglected and refused to enter daily in a book kept for that purpose, the number of proof gallons of spirits purchased and received, of whom purchased and received, and the number of proof gallons sold and delivered. The second count alleges that said Weller was a wholesale dealer in distilled spirits, and it also alleges the same acts of neglect set out in the first count. The third count alleges that said Weller was a rectifier and wholesale dealer, and then it proceeds substantially with the same allegations contained in the

[3] [From 14 Int. Rev. Rec. 172.]

first and second counts, except that it sets out with more particularity the form of book prescribed by the commissioner of internal revenue to be kept by rectifiers and wholesale dealers in spirits.

The whole of the property seized is claimed by W. L. Weller. In his answer claimant says he did keep the book, and did make all the entries therein required to be made as he understands the statutes and the regulations of the commissioner; that on the 17th of December, 1867, he purchased of one Sherman, 50 barrels, 2,251 gallons of spirits, that he entered said spirits in his books as purchased of Eastman & Warner, that the entry was made on the proper day, and was in every particular correct, unless the entry of the names of Eastman & Warner as the vendors, and not the name of Sherman, the actual vendor, was incorrect; that the names of Eastman & Warner were entered as the vendors because they were on the barrels as the manufacturers or rectifiers, and his habit was to copy into his book the brands on barrels purchased by him as a compliance with what he understood to be the requirements of the statute and the regulations of the commissioner, and as furnishing the best means of identifying and tracing the spirits so purchased. The answer further states that the claimant, on the 8th of January, 1868, purchased of one Begen, 50 barrels of whisky, containing 2,208½ gallons, which were entered as purchased of Eastman and Warner for the same reason assigned in respect to the entry of the 50 barrels purchased on the 17th December. The answer further states that on the 24th December, 1867, he purchased 50 bbls. of spirits, which through inadvertence entirely he failed altogether to enter in his books. To this answer the district attorney has demurred.

The 26th section of the statute above mentioned provides "that every rectifier or wholesale dealer in distilled spirits shall enter daily in a book or books kept for the purpose, under such rules and regulations as the commissioner of internal revenue may prescribe, the number of proof gallons of spirits purchased or received, of whom purchased or received, and the number of proof gallons sold or delivered, and every rectifier or wholesale dealer who shall neglect or refuse to keep such record, shall forfeit all the spirits in his possession, together with the apparatus, tools and implements used." As the claimant, by his own admission, failed to enter in his book of whom he purchased or received the spirits purchased and received on 17th December, 1867, and 8th January, 1868, respectively, and especially as he failed altogether to make any entry of the spirits purchased and received on the 24th December, 1867, it follows that he did not comply with the terms of the statute, and that the forfeiture denounced by it has been incurred, unless the court can relieve the parties from the consequence of inadvertent omissions. It is not, however, seriously insisted, that the court has any such power, and it is substantially conceded that a technical forfeiture has taken place, especially for failure to make the proper entries on the 24th of December. The demurrer must therefore be sustained.

After the demurrer was sustained as above indicated, the claimant filed an amended answer in which he alleges that at the several times mentioned in his original answer, he did not own nor have in his possession several of the articles seized; but that he subsequently acquired them. The amended answer then sets out in detail the articles so subsequently acquired, and it appears that they consist entirely of whisky and other distilled spirits, and in no part of "apparatus, tools or implements used." To this amended answer the district attorney has also demurred.

It will be seen that the amended answer does not purport to be an answer to the whole action. It purports to support the claim, not to the whole of the property alleged to be forfeited, but to a part of it. Now, if upon the facts set out in it, the articles enumerated are not forfeited to the United States, but belong to the claimant, the demurrer cannot be sustained. Thus, the interesting and important question is presented, whether the rectifier or wholesale dealer in distilled spirits, for a neglect or refusal to keep the record required to be kept by the 26th section of the act of July 13, 1866, forfeits all the spirits found in his possession at the time of the seizure, or only the spirits in his possession at the time the delinquency takes place. It will be observed that no question is made respecting the "apparatus, tools, and implements used." The only question raised, I repeat, respects "distilled spirits."

The general rule, under the internal revenue statutes and other statutes relating to revenue, unquestionably is, that whenever a forfeiture is denounced it attaches to the thing which has offended, or to it and other things connected with it. The forfeiture takes place at the time the offence is committed, and operates at that moment as a statutory transfer of the rights of property to the government. U. S. v. 1,960 Bags of Coffee, 8 Cranch [12 U. S.] 398; U. S. v. The Mars, Id. 417; Gelston v. Hoyt, 3 Wheat. [16 U. S.] 311; Caldwell v. U. S., 8 How. [49 U. S.] 381; U. S. v. 56 Barrels of Whisky [Case No. 15,095]. The decision in the last case was rendered by this court, and was founded on the 57th and 68th sections of the internal revenue act of 1864 [13 Stat. 223]. The 57th section of the act of 1864 corresponds substantially with the 31st section of the act of 1866, and the 68th section substantially with the 25th section of the act of 1867 [14 Stat. 471], and the two combined substantially with the 26th section of the

act of 1866, under which this proceeding is had. Now if the forfeiture under the 68th section of the act of 1864 takes place the moment any distiller fails to make the entry required to be made by the 57th section as was decided in the case of U. S. v. 56 Barrels of Whisky, supra, it is manifest that the forfeiture under the 26th section of the act of 1866 takes place at the time the rectifier or wholesale dealer fails to make the entry required by it. The statute does not, as the information seems to assume. forfeit the spirits &c., found in the possession of the rectifier or wholesale dealer. If this were its language the forfeiture might refer to the time of the finding of the spirits &c., in the possession of the delinquent. The forfeiture is of the spirits in his possession and by necessary intendment attaches only to the spirits in his possession at the time the act of neglect which causes the forfeiture is committed. If it attaches to other spirits subsequently acquired, and which at some subsequent period are found in the rectifier's possession, it is difficult to perceive that such forfeiture would cease to operate as a transfer of all spirits acquired by him at any time whilst he should continue in business. I cannot believe that the statute should receive a construction so harsh and so opposed to the whole tenor and spirit of revenue laws. The 26th section does not, like the 68th section of the act of 1864, in terms denounce a forfeiture for neglecting or refusing to make the entry, &c., but for neglecting or refusing to "keep such record," still, I think, there is no substantial difference. In either case the party is required to enter daily, in a book kept for the purpose, certain matters, and the offense in each case consists in neglecting or refusing to make the entries at the time specified in the "books kept for the purpose." I do not think that the offense was, as the district attorney contends, a continuing one. It was complete when the entry was not made in the proper book on the day the spirits were purchased and received. No entry on a subsequent day could condone or wipe out the offense already committed, nor would the failure to make the entry on such subsequent day be a new offense or a repetition of the old one.

The demurrer to the amended answer must therefore be overruled.